UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 13-00294 MMC |
| Plaintiff, | ) ) | ORDER OF DETENTION PENDING TRIAL |
| v. | ) ) | |
| HAMISH MACNAB, | ) ) | |
| Defendant. | ) ) | |

Defendant Hamish Macnab is charged with one count of violating 18 U.S.C. section 1029(1) and (b)(2) (conspiracy to commit access device fraud) and a second count of violating 18 U.S.C. section 1029(a)(3) (possession of 15 or more counterfeit or unauthorized access devices). The Court held a detention hearing in this matter on September 5, 2013. The defendant, Hamish Macnab, was present at the hearing and was represented by Jennifer Schwartz. Special Assistant United States Attorney Carolyn Silane appeared for the United States.

Pretrial Services submitted a report to the Court and recommended that Mr. Macnab be detained, and a representative of Pretrial Services was present at the hearing. The government requested detention, and proffered facts relating to detention.

Upon consideration of the facts, proffers and arguments presented, the Court found by a

preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as required, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the economic safety of other persons and the community. Accordingly, the Court concluded that based on the present record Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Court makes the following findings, based upon the Government's proffer, as the basis for its conclusion that no condition or combination of conditions will reasonably assure the appearance of defendant as required. Over the course of the past 18 months, Defendant has encountered law enforcement on numerous occasions in connection with his alleged fraudulent activities: he was initially arrested and charged in San Francisco County in April 2012 after he used a fraudulent identification document to rent a storage locker that was ultimately found to contain, among other items, the badge and credentials of an Assistant District Attorney, holograms consistent with the manufacture of false documents, and personal information of other individuals. Defendant's home was searched twice by federal law enforcement, once in April 2012 and once in September 2012, and each time law enforcement recovered fraudulent credit cards, templates for making false documents, and other indicia of identification and credit card manufacturing. Other searches were conducted in the homes and storage lockers of co-conspirators between September 2012 and February 2013, resulting in several arrests. Even while aware that law enforcement was cracking down on the fraud ring, Defendant continued his alleged fraudulent activity, and was arrested again in February 2013 in San Pablo, California after attempting to use a fraudulent credit card to obtain a cash advance at a casino, and was found to possess dozens of fraudulent credit cards at the time. Just two months later, Defendant attempted to use a fraudulent driver's license in April 2013 at Los Angeles International Airport, and was arrested again. This repeated behavior demonstrates that Defendant has easy access to the proceeds of fraud and to fraudulent identification documents. In addition, Defendant has falsified and used a United States passport in the past. Taken together, these facts show that

Defendant is not amenable to supervision and presents a risk of non-appearance that could not be mitigated adequately by conditions of release.

The Court recognizes that Defendant appears to have made all of his state court appearances following each of the above arrests. However, he now faces much more serious federal charges. In addition, he proposed to be released to the custody of his wife; however, the above conduct occurred while he was living with his wife and evidence of his purported fraudulent activity was found at their home. His admitted drug addiction also increases the risk of non-appearance and perhaps explains his continued alleged criminal activity despite knowledge of a law enforcement investigation. In sum, his past conduct, coupled with the more serious charges, as well as his admitted drug problem, led the Court to find that the Government had shown by a preponderance of the evidence that Defendant presents a risk of non-appearance that cannot be sufficiently mitigated with certain conditions of release.

The Court also makes the following findings, based upon a proffer by the Government, as the basis for its conclusion that no condition or combination of conditions will reasonably assure the economic safety of other persons and the community. As discussed above, Defendant's fraudulent activities in obtaining money from the credit card accounts of other individuals have persisted over a period of at least 18 months, despite his repeated encounters with law enforcement. He has not obtained any lawful employment during that period even though he was permitted to work in the United States. He currently does not have lawful status to be in the United States, nor to work here; thus, if released, he does not have legitimate means of supporting himself. Finally, he does not have a viable surety. Taken together, these considerations support the Court's finding that Defendant presents a risk of economic danger to other persons and the community that cannot be mitigated adequately by conditions of release.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with his

counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

Dated: September 13, 2013

_____
HONORABLE JACQUELINE SCOTT CORLEY
United States Magistrate Judge