UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 13-0294 MMC |
| ) | |
| v. ) | ORDER DENYING DEFENDANT HAMISH RICHARD GORDON MACNAB'S MOTION FOR RELEASE PENDING TRIAL |
| ) | |
| ) | |
| ) | |
| HAMISH RICHARD GORDON ) MACNAB, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Hamish Richard Gordon Macnab is charged in a two-count indictment with conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(a)(1) and (b)(2) and possession of 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). The United States moved for Defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing on the grounds of risk of non-appearance and danger to the community. A detention hearing was held on July 10, 2013. At the hearing, and in light of the government's representation that Defendant is subject to an ICE hold, Defendant waived formal findings and was remanded to custody. At Defendant's request, a further detention hearing was held on September 5, 2013. At the conclusion of the hearing the Court found by a preponderance of the

SECOND DETENTION ORDER
No. CR 13-0294 MMC                                      1

evidence that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as required, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the economic safety of other persons and the community and issued a written order setting forth its findings. (Dkt. No. 20.)

At Defendant's request, the Court held a further detention hearing on October 31, 2013 at which Defendant proffered an additional surety. Recognizing that Defendant's repeated criminal conduct was likely related to his substance abuse, the Court was willing to explore his release to Newbridge for residential drug treatment. Following the hearing Defendant was evaluated and in fact deemed eligible for admission and a further detention hearing was held on December 12, 2013. The Court declined to release Defendant because Newbridge is not presently available to him because of his immigration status. As was noted in the Court's Order of September 13, 2013, he is subject to an ICE hold. At the December 12, 2013 hearing Defendant proffered the declaration of a qualified immigration expert. The expert opined that while the federal criminal case is pending Defendant is unlikely to be deported; however, he did not offer, opine, and apparently has no reason to opine, that Defendant will *not* be placed into ICE custody upon release from custody in this case. The Court declines to release Defendant just so he can be placed in ICE custody.

**CONCLUSION**

For the reasons explained above, the Court does not find that Defendant's eligibility for admission to Newbridge and his submission of an affidavit from an immigration expert warrant reconsideration of the Court's order of September 13, 2013.

IT IS SO ORDERED.

DATED: December 13, 2013

HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge

SECOND DETENTION ORDER
No. CR 13-0294 MMC                2